**WEINSTEIN, Plaintiff,**

v.

**UNIVERSITY OF ILLINOIS, et al., Defendants.**

**No. 85 C 7771.**

United States District Court, N.D. Illinois, E.D.

Feb. 7, 1986.

become entitled to the lien.

Edward H. Salomon, Chicago, Ill., for plaintiff.

James T. Otis, Carla J. Rozycki, Paul J. Gudel, Keck, Mahin & Cate, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendants' motion for attorneys' fees is denied.

In general, Rule 11 grants this Court the power to impose sanctions upon counsel and a represented party, including reasonable attorneys' fees. Fed.R.Civ.Pro. 11. Sanctions are appropriate when a pleading or motion is neither well grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. In addition, sanctions are appropriate in the event a pleading or motion is interposed for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

In the instant case, plaintiff's motion for preliminary injunction was not frivolous and worthless as defendants suggest. Plaintiff vigorously argued and fully briefed the issues. Plaintiff's motion was well-grounded in fact and law. This Court believes plaintiff reasonably inquired into and formed the necessary belief that the motion was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

Rule 11 is applied cautiously because of its potential for chilling legitimate advocacy. Rule 11 does not require a litigant to forego recovery on a particular theory merely because his lawyer may believe there is a strong chance of losing. *Fleming Sales Co. v. Bailey*, 611 F.Supp. 507, 519 (N.D.Ill.1985).

Accordingly, defendants' motion for attorneys' fees is denied.